BALDWIN, administrator, &c., *against* HARVEY and MUNRO.

The rule of damages, in trover, is the value of the article at the time of conversion.

THIS was an action of trover, for divers articles of merchandise.

Plea, *non cul.*

The value of the articles claimed had increased in the market, since the conversion complained of; and the only question was, whether the plaintiff should recover their then value, or their value at the time of the conversion.

KENT, C. J.    The value at the time of conversion is the true rule.(1)

*Emmet* and *Bogardus*, for plaintiff.

*Griffin*, for defendant.

(1) This, as a general rule, is confirmed by the case of *Kennedy et al.* v. *Strong*, (14 Johns. 128,) where Thompson, C. J., in giving the opinion of the court, says, "It is a general rule, in trover, that the measure of damages is the value of the property at the time of the conversion."    *Vide etiam, Hallet* v. *Novion*, 14 Johns. 273; and per Grose, J., in *King* v. *Leith*, 2 T. R. 145 So, also, in *Mercer* v. *Jones*, (3 Camp. 477,) which was an action of trover on a bill of exchange, on which the plaintiff claimed interest to the time of final judgment.    Lord Ellenborough says, "In trover, the rule is, that the plaintiff is entitled to damages equal to the value of the article converted at the time of the conversion; there is no reason why this rule should not be applied in trover for bills of exchange; the damages, therefore, in this case, must be calculated by the amount of principal and interest due on the bill of exchange at the time of the demand and refusal to deliver it up."

Baldwin v. Harvey and Munro.

The real value of the property, however, is not always the sole measure of damages. The jury may give damages for the detention. 3 Burr. 1365. The ground of this exception is well expressed by Waite, J., in *Bufford* v. *Farmer*, (1 Bay. 273 ;) he there says : " The real value of the property is not always the sole measure of damages. If the conversion of it is (or may reasonably be supposed to be) productive of any benefit to the defendant, the jury may give additional damages for it ; as, where trover is brought for money in a bag, interest ought to be allowed by way of damages, for the detention. So, in trover for negroes, damages could be given for the labor of the negroes : for, the use of money or negroes is a certain benefit to the party who converts them, and he ought to pay for it." *Vide etiam*, post, *Smith & Bailey* v. *Mason, &c.*

The subject of this note has been frequently under consideration, but I do not know that the principles contained in it have been any way impugned. Special cases have occurred, calling for additional damages, which have been, under peculiar circumstances, allowed ; these have tended somewhat to complicate and, perhaps, confuse the subject ; the rule, however, remains.

The course of adjudications is correctly expressed by Ruggles, J., in the Court of Appeals. In actions for the wrongful conversion of personal property, it has, in some cases, been held, that the value of the property is to be estimated according to its price at the time of conversion, and, in others, that the plaintiff is entitled to damages according to its value at any time between the time of the conversion and the day of trial. *Wilson* v. *Little*, 2 Comst. 450. This subject has been elaborately considered by Duer, J., in a very learned decision in the Superior Court of the city of New York, (*Suydam et al.* v. *Jenkin's sh.'ff*, 3 Sandf. 614,) in which he lays down the general rule, in these comprehensive words, " Setting aside the exceptional cases in which exemplary damages may be justly claimed and given, and confining ourselves to those in which the remedy sought is simply pecuniary, the principles which, as it seems to us, are manifestly just and universal in their application, are, that the owner to whom compensation is due must be fully indemnified, and that the wrong-doer must not be permitted to derive any benefit or advantage whatever from his wrongful act." It will be readily seen, that this rule embraces over and above the intrinsic value which, with interest, would form an indemnity, properly speaking ; all other contingencies enhancing the value to the owner, or tending in any wise to produce a benefit to the wrong-doer. " In many cases, it may not be right that the wrong-doer should be subjected to cumulative damages, as a penalty for his misconduct ; but it is clear that he ought never to be permitted to derive an actual benefit from his wrongful act, a gain which is the fruit of his own injustice." Ib.

Even where no special damages are laid in the declaration, the market

value of the property, at the time of its conversion, is not to be regarded, in all cases, as the exclusive measure of damages. When it has appeared in evidence that the article of goods in controversy has been actually sold by the defendant, the plaintiff, although he is certainly not bound by the price thus obtained, may yet elect to consider it as evidence of the value, and the jury may, in their discretion, found their verdict upon this estimate, adding interest from the time of the sale. Ib.

I have not deemed it advisable to make any further reference to this elaborate opinion than seemed called for, to carry down the rule in the principal case to the present time; many other matters are discussed, and it will well reward the most attentive study.

A very striking application of the rule depriving the wrong-doer of all chance of benefit, will be found in *Baker* v. *Wheelers*, 8 Wend. 508. In trover, for the conversion of a quantity of sawed logs, it appeared that the defendant had cut down and carried away from plaintiff's timber lot 13000 feet of timber which he had caused to be sawed into boards and planks. The judge, at the trial, directed the jury to find the value of the sawed stuff. The jury having found a verdict according to the directions of the judge, the court confirmed it, and ruled that the judge was right in considering the rule of damages a question of law. The jury must ascertain the *quantum* according to the rule of law. The court further held that, in cases where a change in the form of the property has been made by the wrong-doer, the owner has a right to reclaim it until it has been so changed as to alter the title, and that this rule is as old as the Year Books. It would seem that the title is not changed so long as the identity of the article, under its new form, can be proved.